The STATE of Ohio, Appellee,

v.

WONG, Appellant.

[Cite as *State v. Wong* (1994), 97 Ohio App.3d 244.]

Court of Appeals of Ohio,
Jackson County.

No. 92CA703.

Decided Sept. 22, 1994.

*Mark Ochsenbein,* Jackson County Prosecuting Attorney, for appellee.

*Harry R. Reinhart, Gary Gerson, Bailey, Fishman & Leonard, F. Lee Bailey* and *Kenneth J. Fishman,* for appellant.

HARSHA, Presiding Judge.

Carrie Wong seeks reconsideration of our decision that affirmed her conviction of six counts of felonious assault, R.C. 2903.11, and two counts of vandalism, R.C. 2909.05. See *State v. Wong* (1994), 95 Ohio App.3d 39, 641 N.E.2d 1137.

On October 25, 1991, appellant fired several shotgun blasts from her home, which injured two police officers, causing one to lose his right eye, and damaged a police cruiser. Appellant had recently had a miscarriage and was taking Fiorinal, a barbiturate, to control the pain and uterine contractions. She had also fought with her husband the day before, and was under the influence of alcohol at the time of the shootings.

At trial, defense counsel explored the possibility of a defense of not guilty by reason of insanity, but later abandoned it when neither of the two psychologists would testify that appellant was insane under Ohio law. A jury convicted appellant on all counts, and the court sentenced her to a term of imprisonment of fifteen to forty years. We rejected appellant's arguments on appeal, and this motion for reconsideration, pursuant to App.R. 26, followed.

Although App.R. 26 does not provide guidelines to be used in determining when a decision should be reconsidered, the test generally applied is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for the court's consideration that was either not considered at all or was not fully considered by the court when it should have been. *State v. Black* (1991), 78 Ohio App.3d 130, 132, 604 N.E.2d 171, 172; *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515; *Matthews v. Matthews* (1981), 5 Ohio App.3d 140, 143, 5 OBR 320, 323, 450 N.E.2d 278, 282–283.

Appellant initially wishes us to reconsider the first assignment of error regarding trial counsel's decision not to raise the insanity defense. Appellant has

strenuously argued that the failure to do so constituted ineffective assistance of counsel.

On appeal, we held that trial counsel's actions were not deficient. We offered two basic reasons for our decision. First, we noted that both court-appointed psychologists, Dr. Winter and Dr. Jackson, agreed that appellant did not meet the legal definition of insanity, although each would have testified that appellant met one prong of the insanity defense.[1]

We found that given the fact that both experts agreed that appellant was not insane, it could well be considered sound trial strategy to avoid the prosecution's potential cross-examination of the psychologists. We ruled that an attorney might reasonably decide not to risk losing credibility with the jurors by having his own witnesses on cross-examination state that appellant was actually sane. Instead, an attorney might validly choose to argue other issues.

Appellant now states that our reasoning, while sound in theory, should not apply in the context of this case, because "without the presentation of the insanity defense, Ms. Wong was left without any viable complete defense." In other words, appellant appears to be saying that trial counsel had a duty to argue the insanity defense because it was her only hope of acquittal.

We disagree with appellant's reasoning. We know of no law, and do not wish to create one, which would require every criminal defense attorney to plead the insanity defense just because it was a defendant's only chance to escape a conviction. In order to establish a claim for ineffective assistance of counsel, the trial lawyer's conduct must be so deficient as to deprive the defendant of a fair trial, meaning that there exists a reasonable *probability* that, were it not for counsel's errors, the result of the trial would have been different. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. We agree that at times this might require counsel to explore and perhaps even raise the insanity defense. However, we do not feel that it demands that every trial lawyer plead insanity when all the court-appointed psychologists agree that the defendant was not insane.

We also believed that trial counsel's actions were justifiable because of the evidentiary ramifications of pleading not guilty by reason of insanity. At the trial, the prosecution attempted to introduce into evidence a letter allegedly

---

1. R.C. 2901.01(N) requires that the defendant, at the time of the offense, not know right from wrong as a result of a severe mental disease or defect. Dr. Jackson believed that appellant did not know right from wrong at the time of her actions, but did not think she suffered from a severe mental disease or defect. Dr. Winters, on the other hand, believed that appellant suffered from a severe mental disease, but also believed that she knew right from wrong. Appellant essentially argues that trial counsel was ineffective for not putting both doctors on the stand and asking the jurors to believe the appropriate half of each doctor's testimony.

written by appellant just prior to the shooting. Although the contents of this letter were not part of the record, it was evident that the letter was damaging to appellant, as trial counsel worked very hard, and successfully, to keep it out of evidence. Because both psychologists relied on this letter when assessing appellant's psychological condition, allowing them to testify would have possibly opened the door to this letter that counsel obviously wanted excluded from evidence.

Appellant now contends that this was improper reasoning on our part, because the contents of the letter were not part of the record, and therefore we were precluded from using the existence of the letter in our reasoning. We disagree.

While it is axiomatic that appellate courts do not generally consider matters not part of the record, a claim of ineffective assistance of counsel always demands that appellate courts engage in some amount of speculation. The very nature of the issue demands that an appellate court consider what the possible ramifications of a trial attorney's actions or inactions would be in any given case. In short, we are not considering matters outside the record so much as we are considering what could have been had counsel acted differently. The essence of a claim of ineffective assistance of counsel claim demands that we do this.[2]

As a result, we overrule appellant's motion for reconsideration of her first assignment of error.

Appellant next seeks reconsideration of our decision that she was not deprived of ineffective assistance of counsel by her attorney's failure to seek a jury instruction on negligent assault, in violation of R.C. 2903.14. We first note that we were not required to consider this claim of ineffective assistance as it was not separately assigned and argued. App.R. 12(A)(2); App.R. 16(A); see, also, *Frey v. Stegall* (May 2, 1994), Athens App. No. 1586, unreported, 1994 WL 170845. Appellant stated in her argument relating to the first assignment of error: "The defendant also asserts that counsel was ineffective for failing * * * to request an instruction on negligent assault * * *." In our brief treatment of the issue, 95 Ohio App.3d at 55, 641 N.E.2d at 1147, we inadvertently used the language "clearly would have been otherwise," the plain error standard of review, *State v. Nicholas* (1993), 66 Ohio St.3d 431, 436, 613 N.E.2d 225, 229–230, instead of stating the proper standard to find ineffective assistance of counsel, *i.e.*, a reasonable *probability* that the outcome of the trial would have been different. *Bradley, supra,* paragraph three of the syllabus.

---

2. See, *e.g., State v. Sandy* (1982), 6 Ohio App.3d 37, 6 OBR 147, 452 N.E.2d 515 (failure to call two witnesses for defense was not ineffective assistance of counsel, because it may have opened the door to unfavorable testimony).

In our original decision in this case, we did not believe that appellant was deprived of effective assistance of counsel by counsel's failure to request a negligent assault instruction, nor do we believe so now. However, in the interest of clarity, we will briefly analyze the issue.

In order to find that the outcome of the trial might have been different had appellant's trial counsel requested a negligent assault instruction, we must find not only that the trial court would have properly given an instruction on negligent assault, but also that there was a reasonable probability that the jurors would have acquitted appellant of the felonious assault charges. An instruction to the jury on a lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser offense. *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus, clarifying *State v. Kidder* (1987), 32 Ohio St.3d 279, 513 N.E.2d 311; *State v. Davis* (1983), 6 Ohio St.3d 91, 6 OBR 131, 451 N.E.2d 772. The only statutory difference between felonious assault and negligent assault is the *mens rea* necessary to be convicted of the crime. *Wong, supra,* 95 Ohio App.3d at 54, 641 N.E.2d at 1146–1147. Thus, to warrant an instruction on the lesser included offense of negligent assault, the court must find that a reasonable jury could find that appellant did not act knowingly but did act negligently.

As noted in our original decision on this matter, at trial the state produced overwhelming evidence tending to show that appellant acted knowingly. The six shots on which appellant was convicted were all aimed through the door and were in response to individuals who approached the door and tried to speak with her. Appellant's daughter testified that appellant told her to leave the house "before they shoot you too." Deputy Hall testified that appellant told him, "I meant to do it." Further, a security guard at Oak Hill Hospital testified that on October 25 when appellant was being treated, appellant told Dr. Wong that she would do to him what she did to the police officer.

Based on the above evidence, we easily conclude that the evidence does not support a finding that a reasonable juror could have acquitted appellant of the greater charge of felonious assault and convicted appellant of the lesser charge of negligent assault. The trial court could not have properly instructed the jury on the lesser included offense of negligent assault. Thus, there is no reasonable probability that the result of the trial would have been different but for trial counsel's failure to request a negligent assault instruction. *Bradley, supra.*

Appellant has not satisfied her burden, pursuant to App.R. 26, of calling to the attention of the court an obvious error in its decision or raising an issue for our

consideration that was either not considered at all or was not fully considered by the court when it should have been. *Black; Hodge; Matthews; supra.*

*Motion denied.*

PETER B. ABELE, J., concurs.

GREY, J., concurs in judgment only.