OPINION AND JOURNAL ENTRY
On February 8, 2000, Appellant's underlying conviction was affirmed by this Court. Appellant contended, on appeal, that his motion to suppress should have been granted by the trial court, but this Court found no merit in any assignment of error on appeal.
On February 22, 2000, Appellant filed his Application for Reconsideration pursuant to the Rules of Appellate Procedure, specifically, App.R. 26(A). Appellant now argues, in an argument virtually identical to that presented in his original brief, that his statements to the police were not voluntarily given and that the waiver of his right against self-incrimination and his right to remain silent to police questioning was not knowingly, voluntarily and intelligently given. In so doing, Appellant has restated to this Court facts and law contained in his original brief before us and fully dealt with in our decision on appeal.
App.R. 26 does not set out the requirements for hearing an application for reconsideration. The test generally applied in Ohio when determining whether an appellate decision should be reconsidered is, "whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for the court's consideration that was either not considered at all or was not fully considered by the court when it should have been." State v. Wong (1994), 97 Ohio App.3d 244, 246. It is readily apparent that in Appellant's four-page application, he raises absolutely no new issues for this Court's consideration. The matter raised within the application was fully addressed by this Court in Appellant's underlying appeal of this matter. As pointed out by the Appellee, "an application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used. . .," by this Court. State v. Owens (1999), 112 Ohio App.3d 334, 336.
For all of the foregoing, Appellant's Application for Reconsideration is hereby denied.
 ______________________ CHERYL L. WAITE, JUDGE
 ____________________ EDWARD A. COX, JUDGE
 ____________________ GENE DONOFRIO, JUDGE