OPINION AND JOURNAL ENTRY
Appellant was convicted of murder in the deaths of his wife and daughter and sentenced to death. Because the conviction and sentencing occurred prior to 1995, when the state legislature eliminated intermediate appellate review on capital cases, this Court undertook a direct appeal in this matter. On March 2, 2000, we upheld Appellant's conviction and sentence in total. Appellant filed this appeal as of right of our decision with the Ohio Supreme Court.
Subsequently, Appellant, through counsel, filed what they styled an "Application for Appointment of Counsel to Review Record," seeking to have this Court appoint a new set of lawyers to review the record to determine whether it was possible that Appellant's earlier counsel had provided Appellant with ineffective assistance. Appellee, State of Ohio, provided no response. On May 19, 2000, Appellant's request was denied.
On May 24, 2000, Appellant filed his own pro-se Application for Reopening of Appeal, alleging that his counsel at trial (not on appeal) was ineffective. No response has been filed by Appellee.
Finally, on May 30, 2000, Appellant's appellate counsel filed a motion asking this Court to reconsider its decision of May 19, 2000, wherein we refused to appoint additional counsel to determine whether Appellant had a possible ineffective assistance claim. Appellee responded to this motion on June 6, 2000.
We will first deal with Appellant's pro-se application to reopen his direct appeal. App.R. 26(B) states that an appellant may seek reopening of his appeal, ". . . based on a claim of ineffective assistance of appellate counsel." This application must contain among other things, "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits of the case . . . or that were considered on an incomplete record . . ." App.R. 26(B)(2)(c).
Reading Appellant's application, it is clear that Appellant is complaining, not of appellate counsel, but of the purported ineffectiveness of his trial counsel. Appellant lists several areas where he claims trial counsel was deficient, then claims that his appellate counsel "ignored" these, and raised other arguments that were, "very weak." Thus, he apparently claims that his appellate counsel's tactics must also be somehow deficient. Because his arguments are directed at trial counsel and because in his capital case, this Court has previously undertaken our own thorough review of this matter, Appellant's application must be denied.
As to the matters Appellant claims his trial counsel somehow failed in, these do not provide Appellant with an avenue to seek reopening. His vague references to appellate counsel's alleged failures to raise these accused deficiencies fall far short of the requirement of Rule 26. Further, this Court has extensively reviewed not only the issues presented on appeal by appellate counsel in his direct appeal, but we are required to, and did, undertake a complete review of the record on our own. Nothing in the record and nothing Appellant now complains of can in any way be seen as lawyer deficiencies. Most of what Appellant now complains of actually appear more beneficial to him than not. As Appellant has had a direct review of this matter once, as he complains of his trial counsel's performance rather than raising appellate counsel deficiencies and as his application fails to raise matters not once reviewed or reviewed on an incomplete record, Appellant's application is hereby denied.
Appellant's request through counsel for reconsideration of our earlier order must also be denied. In this motion, Appellant seeks to have us review our earlier denial of his request to appoint additional counsel to search the record and determine whether appellate counsel's performance might be deficient. App.R. 26(A) governs motions for reconsideration, but does not set out the standards for determining such motions, unlike its counterpart in App.R. 26(B). However, Ohio courts have generally held that an appellant must present, in such a motion, issues which were not fully considered by the appellate court in its earlier determination.State v. Wong (1994), 97 Ohio App.3d 244, 246.
Appellant has failed to meet the standard necessary to grant reconsideration. In his motion, Appellant argues against adopting the rationale of our sister appellate district found in State v. Biros (May 5, 2000), Trumbull App. No. 91-T-4632, unreported. We have previously stated that we agree with the reasoning therein and have adopted it expressly in our original decision in this matter. Thus, Appellant fails to raise a matter not considered or not fully considered by this Court.
Additionally, Appellant seeks to have us apply State v. Getsy (1999),87 Ohio St.3d 1471, wherein the appellate court was ordered to appoint additional counsel in order that they might file an application for reopening. Getsy, supra, however, specifically applied S.Ct. Pract.R. XI. This rule solely applies to capital cases committed on or after January 1, 1995. Appellant's crimes were unquestionably committed well before this date and it is undisputed that this rule does not have application for Appellant. As earlier argued herein, this Court has previously undertaken an extensive review on appeal of Appellant's case, not only based on errors brought to our attention by his counsel, but we conducted our own, independent review of the record searching for error, as we are required to do by law. Thus, Appellant and all others sentenced to death prior to 1995 received the benefit of exhaustive intermediate appellate review prior to yet another appeal to the Ohio Supreme Court. Mr. Getsy and others similarly situated are not entitled to and do not receive this intermediate review process. Thus, the decision in Getsy, supra, is easily distinguished from the matter at bar.
As Appellant has raised no relevant issue not previously fully addressed by us and has not presented any obvious error on the part of the Court, his motion for reconsideration of our May 19, 2000, decision is also denied.