DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, Natalie K. Robbins, et al., filed a motion for reconsideration pursuant to App.R. 26(A) in response to the Decision and Judgment Entry filed by this court on or about September 27, 2002. For the reasons that follow, we find that Appellants' motion does not call to this court's attention an obvious error or oversight made by the court in affirming the trial court's judgment. Accordingly, we deny Appellants' motion for reconsideration.
 I. {¶ 2} The Pike County Court of Common Pleas entered a judgment against Appellants and we affirmed, finding that the record contained some competent, credible evidence to support the trial court's findings that Appellants made certain fraudulent transfers. Appellants now ask us to reconsider (1) the valuation of the Prosperity Road home at the date of transfer, and (2) the finding that Mrs. Robbins was insolvent.
 {¶ 3} The test applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. Ottawa Cty. Bd.of Commrs. v. Marblehead (1995), 102 Ohio App.3d 306. See, also, Statev. Wong (1994), 97 Ohio App.3d 244; Columbus v. Hodge (1987),37 Ohio App.3d 68; Matthews v. Matthews (1981), 5 Ohio App.3d 140.
 {¶ 4} Appellants first assert that the trial court made no finding as to the valuation of the Prosperity Road home and that this court, by making such a finding, substituted its judgment for that of the trial court. In particular, Appellants contend that this court accepted one expert's valuation of the home over another expert's valuation. We disagree.
 {¶ 5} In their assignments of error on appeal, Appellants argued that the trial court erred in its finding that the Prosperity Road home constituted an asset. This court noted that the record contains expert testimony supporting a finding that the Prosperity Road home was worth $292,500 at the time of transfer. Thus, we concluded that the record contains some competent, credible evidence that the Prosperity Road home constitutes an asset. In so finding, we did not evaluate the credibility of the witnesses or substitute our judgment for that of the trial court. Rather, we identified specific evidence in the record that supports the trial court's finding. Thus, we did not err in our resolution of Appellants' assignment of error regarding the value of the Prosperity Road home.
 {¶ 6} Appellants also assert that this court erred by overlooking the N.K.R., Inc. stock owned by Mrs. Robbins in determining Mrs. Robbins' solvency. In particular, Appellants assert that because we recognized that N.K.R., Inc. acquired a $6,000,000 sawmill, we erred in finding that Mrs. Robbins was insolvent at the time of the fraudulent transfers. Again, as we noted with respect to the Prosperity Road home valuation, we did not find that Mrs. Robbins was insolvent. Rather, we found that the record contains some competent, credible evidence supporting the trial court's finding that Mrs. Robbins was insolvent at the time of the transfers.
 {¶ 7} The record contains evidence that N.K.R., Inc. made a down payment on a $6,000,000 sawmill. However, the record contains no evidence regarding when N.K.R., Inc. acquired the sawmill in relation to the fraudulent transfers or what the value of the sawmill was at the time of the fraudulent transfers. Appellants did not introduce any evidence regarding the value of N.K.R., Inc. at the time of Mrs. Robbins' fraudulent transfers and whether the sawmill was profitable, foreclosed upon, or anywhere between those extremes at the relevant time.
 {¶ 8} Moreover, the ownership of N.K.R., Inc. is far from clear in the record. While Mrs. Robbins testified at one point that she owns all of the interest in N.K.R., Inc., at another point she testified that she owns nothing but a high-mileage car and an IRA account with a substantial penalty for early withdrawl. Even Appellants appear confused regarding the ownership of N.K.R., Inc. In their original brief to this court, Appellants stated that Mrs. Robbins owns all "outstanding" shares of N.K.R., Inc., but in their reply brief they assert that Natalie Robbins, Inc. is the "sole shareholder" of N.K.R., Inc.
 {¶ 9} A presumption of insolvency arises pursuant to R.C.1336.02(A)(2) when a debtor fails to pay his or her debts. The record contains evidence that Mrs. Robbins failed to pay her debts. We find that this evidence, combined with Mrs. Robbins' testimony that her only assets are a high-mileage car and an IRA, constitutes some competent, credible evidence that she was insolvent at the time of and as a result of the fraudulent transfers that are the subject of this case. Thus, we did not commit an error or oversight in overruling Appellants' assignment of error regarding Mrs. Robbins' solvency.
 {¶ 10} Upon consideration, we find that Appellants failed to call to our attention an obvious error or raise an issue that we either completely failed to consider or failed to fully consider on appeal. Because we find no error or oversight in our judgment, Appellants motion for reconsideration is hereby DENIED.
Abele, P.J., Harsha, J.: Concur.