OPINION AND JOURNAL ENTRY
{¶ 1} Appellee has filed an unopposed App.R.26(A) application for reconsideration of our previous decision in Kennedy v. Kennedy, 7th Dist. No. 2002 CO 09, 2003-Ohio-495. The test generally applied when determining whether an appellate decision should be reconsidered is, "whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for the court's consideration that was either not considered at all or was not fully considered by the court when it should have been." State v. Wong (1994), 97 Ohio App.3d 244,246, 646 N.E.2d 538; Juhasz v. Costanzo (Feb. 7, 2002), 7th Dist. No. 99-CA-294. A motion for reconsideration is "a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law" and, thus, must demonstrate more than the fact that the movant "simply disagrees with the conclusions reached and the logic used by an appellate court." State v. Owens (1996), 112 Ohio App.3d 334, 336,678 N.E.2d 956.
 {¶ 2} Appellee filed his application on February 3, 2003, based upon our statement in that opinion that Appellee had not filed a responsive brief. See Kennedy at ¶ 12. As Appellee correctly points out, a responsive brief was filed on January 6, 2003, within the time we granted for Appellee to file that brief. Thus, our statement to the contrary was clearly erroneous. However, this does not mean we will grant Appellee's motion.
 {¶ 3} In his merit brief, Appellee argues the trial court's award of spousal support was correct because the trial court adequately addressed all the relevant factors found in R.C. 3105.18(C). In support of this argument, he cited the fact that the trial court's judgment entry addressed some of the factors when dealing with other aspects of the divorce, such as its discussion of the assets and liabilities of the parties when fashioning the division of the marital property. Thus, according to Appellee, the trial court indicated "the basis for its decision in sufficient detail to enable a reviewing court to determine whether the award was fair, equitable and in accordance with law."
 {¶ 4} Our conclusion agreed with Appellee that the trial court's decision indicated the basis for its decision in sufficient detail for appellate review. As we stated, the trial court denied spousal support due to Appellant's:
 {¶ 5} "willful conduct of hiding marital assets by liquidating and refusing to report her retirement annuity either in her financial affidavit or on her sworn interrogatories, for the under reporting of her income history in her sworn interrogatories, for her reckless spending which led to the parties' bankruptcy and further, so as to minimize any financial contribution on Defendant's part to Plaintiff's drug habit."Kennedy at ¶ 6.
 {¶ 6} It was because the trial court clearly indicated that this was the sole basis for its decision that we found that decision to be in error. Appellee's argument demonstrates that he merely disagrees with our conclusion. As this type of disagreement cannot form the basis for a motion for reconsideration, Appellee's motion is denied.
Waite, P.J., Donofrio and DeGenaro, JJ., concur.