OPINION AND JOURNAL ENTRY
{¶ 1} Pursuant to App.R. 26(A), the State of Ohio has filed a timely motion for reconsideration of our Opinion in State v. Christian, 7th Dist. No. 04 MA 64, 2005-Ohio-2384. The original appeal was filed by Appellant Jerome D. Christian alleging errors in the manner in which he was sentenced for five counts of receiving stolen property. The State of Ohio did not file a brief in this matter. Instead, the State filed a notice to this Court acknowledging that the alleged sentencing errors had occurred and directing us to remand the case for resentencing. Because our own review of the record revealed that both Appellant and the State were correct in their assertions, the matter was remanded for resentencing. Appellee now attempts to assert arguments relating to consecutive sentencing that were merely tangential in the prior appellate proceedings.
 {¶ 2} The test generally applied in reviewing an App.R. 26(A) motion for reconsideration, "is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for the court's consideration that was either not considered at all or was not fully considered by the court when it should have been." State v. Wong (1994),97 Ohio App.3d 244, 246, 646 N.E.2d 538. It should be abundantly clear to Appellee that there is no obvious error in remanding a case for resentencing when both the Appellant and prosecutor agreed that sentencing errors occurred and that the record here reflects those errors.
 {¶ 3} As all parties are fully aware, these charges arose after Appellant wrote five checks on an account he was not authorized to access. The total amount withdrawn was $240.00. Appellant entered into a plea agreement. Sentencing was postponed for one week so that Appellant could attempt restitution, but Appellant was apparently unsuccessful.
 {¶ 4} On appeal, Appellant alleged two errors; that the trial court did not fully comport with the law in sentencing him to the maximum amount of jail time on all counts, and that the trial court erred in not informing him whether the sentences were to be served concurrently or consecutively. While it is clear that the trial court did not specify concurrent as opposed to consecutive sentences, as we so noted in our Opinion on appeal, this was clearly not, as the State now appears to erroneously conclude, the reason for reversal and remand despite the State's full agreement with Appellant's position on appeal. While a trial court must state reasons for consecutive sentences, if none are found on the record we must, by default, conclude that the sentences are concurrent. Whether intentionally or not, the record here leads us to the conclusion that Appellant's sentences are concurrent, by default.
 {¶ 5} The main thrust of Appellant's appeal and the basis of our underlying Opinion is the fact that mandatory findings were not made in order to support the maximum sentences. The State does not address this issue in its motion for reconsideration presumably because it is fully aware of all of the relevant law in this regard and has read the transcript in this matter. Again, however, we will state that the Ohio Supreme Court is very clear: a trial court must make findings and give supporting reasons on the record to support the imposition of maximum sentences. State v. Edmonson (1999), 86 Ohio St.3d 324, 329,715 N.E.2d 131. It is not enough, however, for these to be stated in the court's written journal entry subsequent to hearing. The Supreme Court absolutely requires these findings and reasons to be made at the sentencing hearing before this Court can uphold the imposition of a maximum sentence. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473. While we will not string cite, there is a plethora of caselaw post-Comer clearly stating this proposition.
 {¶ 6} Thus, the State is confused when it argues in its motion that failure to specify concurrent or consecutive sentencing somehow impacts upon the reasons for reversal of this case. This failure was merely noted by the Court because it was raised by Appellant and agreed to by the State. As the State should be aware, however, due to its agreement with Appellant in this case, the matter must be reversed based on Edmonson,Comer and their progeny. Thus, the motion is overruled in its entirety.
Donofrio, P.J., concurs.
Waite, J., concurs.
DeGenaro, J., concurs.