OPINION AND JOURNAL ENTRY
{¶ 1} Pursuant to App. R. 26(A), Appellant Anthony L. Williams has filed a timely Application for Reconsideration of our Opinion inState v. Williams, 7th Dist. No. 07 MA 57, 2008-Ohio-1187. On direct appeal Appellant challenged the trial court's decision to dismiss his motion for postconviction relief. In his Application for Reconsideration, Appellant has not raised any issues or arguments that were not already considered in the direct appeal. Appellant's Application for Reconsideration is denied.
 {¶ 2} The test generally applied in reviewing an App. R. 26(A) motion for reconsideration, "is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for the court's consideration that was either not considered at all or was not fully considered by the court when it should have been." State v.Wong (1994), 97 Ohio App.3d 244, 246, 646 N.E.2d 538. We cannot find any obvious error in our Opinion. Appellant continues to argue that he produced evidence dehors the record that could entitle him to a new trial, and that he should have been granted an evidentiary hearing on his motion for postconviction relief. In our Opinion we provided Appellant several reasons for affirming the trial court's judgment. First, we concluded that his motion for postconviction relief was not timely filed in the trial court. Second, his claim for relief was based on notes written by his trial counsel soon after trial speculating about whether he should have asked for lesser included offenses in the jury instructions. As we stated in our Opinion, counsel's speculation about trial tactics does not form a basis for granting a motion for postconviction relief. Third, Appellant's argument depended on obtaining *Page 2 
evidence of the jurors' thought processes during their deliberations, even though such evidence cannot be used to impeach a verdict. Simply because the jurors may have had a difficult time reaching their verdict, this provides no basis for postconviction relief. Fourth, the motion for postconviction relief presented an issue concerning lesser included offenses that could have been, and should have been, argued on direct appeal of his conviction and sentence, but was not.
 {¶ 3} Appellant's application for reconsideration is denied.
Waite, J., concurs.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1