OPINION
{¶ 1} Appellant, Darlene L. Kennedy, appeals herein from the Columbiana County Court of Common Pleas' May 14, 2003, Judgment Entry, which denied her spousal support.
 {¶ 2} This Court has reversed and remanded the trial court's previous denial of spousal support to Appellant. In the earlier appeal, we held that the trial court relied solely on the catchall statutory factor in R.C. § 3105.18(C)(n) in rendering its decision. Ohio law is clear, however, that a trial court must consider all of the R.C. § 3105.18(C) factors in rendering a spousal support decision. Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 518 N.E.2d 1197, syllabus paragraph one.
 {¶ 3} This Court previously set forth the pertinent underlying facts as follows:
 {¶ 4} Appellant and Appellee James Kennedy were married on December 11, 1981, and subsequently had two children. On March 14, 2000, the couple was discharged from bankruptcy. They were experiencing marital difficulties at the time, but stayed together until June 18, 2000. On that date, James had Darlene arrested and she was charged with domestic violence and resisting arrest. As a result, she was ordered not to return to the marital home. Subsequently, Darlene violated her probation by so returning.
 {¶ 5} James works for General Motors. From 1997 through 2000, he earned approximately $71,000.00 per year, including over $92,000.00 in 2000. From 1984 through 1995, Darlene earned an average of approximately $14,800.00 per year, with the greatest amount being $18,914.87 in 1992. Darlene worked for Alliance Community Hospital from 1997 through 1999, and she earned on average $6100.00 per year. Darlene's reduction in earning capacity is apparently the result of a sleeping disorder as disclosed in her interrogatory responses and testimony. Darlene and James owned two cars, both of which are subject to liens, and owed a debt on a condo lease. James had a pension through his employer valued at $16,208.71. Darlene had a pension through an employer valued at $3,890.21. After September 30, 2000, Darlene cashed out her pension and did not share the proceeds with James.
 {¶ 6} On October 6, 2000, Darlene filed a complaint for divorce in the Columbiana County Court of Common Pleas. At the same time, she filed a financial affidavit in which she did not reveal the existence of her pension. She stated her income for the previous three years was between $3,500 and $5,000 per year. When she filed her complaint, Darlene was represented by counsel. Subsequently, her counsel withdrew. James filed an answer and counterclaim for divorce and the matter proceeded to trial.
 {¶ 7} Darlene dismissed her complaint, and the matter proceeded to trial on James' counterclaim. Evidence was presented regarding marital assets and liabilities, spousal support, and custody matters. The trial court found that the parties agreed James should have custody of the one child who was still a minor and awarded child support in accordance with the child support guidelines. It then valued the martial assets, divided the personal property in accordance with the parties' wishes, and awarded Darlene half of James' pension minus certain liabilities. The trial court refused, however, to award spousal support to Darlene for the following reasons:
 {¶ 8} "[H]er willful conduct of hiding marital assets by liquidating and refusing to report her retirement annuity either in her financial affidavit or on her sworn interrogatories, for the under reporting of her income history in her sworn interrogatories, for her reckless spending which led to the parties' bankruptcy and further, so as to minimize any financial contribution on Defendant's part to Plaintiff's drug habit."Kennedy v. Kennedy, 7th Dist. No. 2002 CO 09, 2003-Ohio-495, ¶ 6.
 {¶ 9} After considering the applicable law and facts, this Court concluded that the trial court abused its discretion in failing to consider any of the requisite R.C. § 3105.18(C) statutory factors, except the catchall factor. Id. at ¶ 39.
 {¶ 10} Despite the fact that an award of spousal support rests within the sound discretion of the trial court, in determining support, the trial court must consider all the factors listed in R.C. § 3105.18. The court cannot base its decision on any one of those factors in isolation. Kaechele,35 Ohio St.3d 93, 518 N.E.2d 1197, syllabus paragraph one.
 {¶ 11} On remand, and following the parties' submission of briefs on the issue, the trial court again denied Appellant spousal support in its May 14, 2003, Judgment Entry. Appellant timely appealed from this entry, and she asserts one assignment of error on appeal:
 {¶ 12} "The alimony award as fashioned by the lower court is in contravention of R.C. 3105.18, and therefore constitutes an abuse of discretion."
 {¶ 13} A trial court has broad discretion in determining spousal support, and absent an abuse of discretion, the decision to grant or deny support should not be disturbed. Wolfe v.Wolfe (1976), 46 Ohio St.2d 399, 75 O.O.2d 474. Thus, a spousal support decision should be upheld unless the trial court's attitude is arbitrary, unconscionable, or unreasonable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 5 O.B.R. 481, citing Steiner v. Custer (1940),137 Ohio St. 448, 31 N.E.2d 855, 19 O.O. 148. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." Inre Jane Doe 1 (1990), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181.
 {¶ 14} Upon request by either party, a trial court may award spousal support. R.C. § 3105.18(B). "When considering an award of spousal support, a court should consider all fourteen factors listed in R.C. § 3105.18(C), and award only an amount which is appropriate and reasonable, not an amount based upon need."Schultz v. Schultz (1996), 110 Ohio App.3d 715, 724,675 N.E.2d 55. "While the concept of need is necessarily encompassed in an inquiry upon appropriateness and reasonableness, it is no longer the sole consideration." Olenik v. Olenik (Sept. 18, 1998), 7th Dist. No. 94 CA 139, 3.
 {¶ 15} Pursuant to R.C. § 3105.18(C):
 {¶ 16} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 17} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 18} "(b) The relative earning abilities of the parties;
 {¶ 19} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 20} "(d) The retirement benefits of the parties;
 {¶ 21} "(e) The duration of the marriage;
 {¶ 22} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 23} "(g) The standard of living of the parties established during the marriage;
 {¶ 24} "(h) The relative extent of education of the parties;
 {¶ 25} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 26} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 27} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 28} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 29} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 30} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 31} Appellant argues that the trial court on remand did nothing more than set forth the same conclusion, this time purporting to rely on the requisite factors. Appellant requests this Court to modify the trial court's judgment and award spousal support. Appellant urges that the trial court failed to consider the vast differential in the parties' incomes and the fact that this was a long-term marriage, which lasted approximately twenty years.
 {¶ 32} In determining an award or denial of spousal support, a trial court must indicate the basis for its decision in sufficient detail to enable an appellate court to review it and assess that it is equitable and in accordance with law.Kaechele, 35 Ohio St.3d 93, 518 N.E.2d 1197, syllabus paragraph two.
 {¶ 33} Further, "a trial court should not determine whether it believes a party deserves spousal support due to their previous actions in the marriage when deciding whether spousal support is reasonable and appropriate." Kennedy, supra, at ¶ 34. For example, this Court has previously held that a trial court's decision to deny a wife spousal support should not be based on the wife's extreme cruelty and infidelity. Id. citingBernard v. Bernard (Jan. 30, 2002), 7th Dist. No. 00 CO 25. Whether one "deserves" spousal support based on marital conduct is not a basis for awarding or denying support. Bowen v. Bowen
(1999), 132 Ohio App.3d 616, 626, 725 N.E.2d 1165. The only relevant question is what is appropriate and reasonable under the circumstances. Id.
 {¶ 34} In the instant case, the trial court's May 14, 2003, Judgment Entry ("Entry") is much more lengthy on the issue of spousal support than the court's original judgment on this issue. The Entry consists of almost eight typewritten pages, and it lists and addresses each of the fourteen R.C. § 3105.18(C)(1) factors, (a) through (n).
 {¶ 35} The trial court's prior entry on this issue provided that Appellant was not entitled to spousal support because of:
 {¶ 36} "[H]er willful conduct of hiding marital assets by liquidating and refusing to report her retirement annuity either in her financial affidavit or on her sworn interrogatories, for the under reporting of her income history in her sworn interrogatories, for her reckless spending which led to the parties' bankruptcy and further, so as to minimize any financial contribution on Defendant's part to Plaintiff's drug habit."Kennedy, supra, at ¶ 6.
 {¶ 37} In comparing the Entry on appeal to the trial court's former decision, there are actually few additional findings. However, the Entry states that the trial court considered all of the factors in making its decision. It appears on review of the trial court's findings, however, that a refusal to award spousal support was both arbitrary and unreasonable, based on the record in this matter.
 {¶ 38} In reviewing the Entry in question, it reflects that the court found under factor (a), income of the parties, that Appellant is underemployed and that her potential income based on prior earnings is $18,600 annually. (Entry, p. 3, ¶ 1.) The trial court then notes that Appellee earns an average salary of $71,000. (Entry, p. 3, ¶ 1.) The court does not address the vast disparity in income that exists even after he imputes income to Appellant.
 {¶ 39} Under factor (b) the trial court finds that Appellant is underemployed as a waitress, since she was previously employed as a "data input specialist." (Entry, p. 3, ¶ 2.) The trial court does not then recognize that he has rectified her "underemployment" by imputing income to Appellant. Further, as this Court in its prior decision already has stated, Appellant was penalized for her underemployment in the court's child support award. Kennedy, at ¶ 37. As earlier stated, it is obvious that Appellee's income is significantly greater than Appellant's potential income. Thus, taken together factors (a) and (b) weigh heavily towards awarding support.
 {¶ 40} Under factor (c), the parties' ages, physical, mental and emotional conditions, the trial court notes that the parties are the same age and that Appellant had a drug addiction. (Entry, p. 3, ¶ 3.) The Entry cites this Court's previous reference to a case which held that, "a drug addiction could be considered as part of a person's physical, mental and emotional condition." (Entry, pp. 3-4, ¶ 3.) The trial court refers to Kennedy,
at ¶ 33, citing Richards v. Richards (Nov. 2, 2001), 2nd Dist. No. 18660, 5. The court in Richards concluded that the wife's substance abuse constituted an illness and was appropriately considered in rendering spousal support. Id. Far from being a factor weighing against such support, in Richards, it was considered a factor in favor of awarding support in order to pay for the wife's substance abuse treatment. Id.
 {¶ 41} Further, in our earlier decision in this case we note another case wherein the court held that considering a spouse's drug abuse was erroneous when the evidence indicates that both the husband and wife abused drugs during the marriage. Id. at ¶ 34, citing Simmons v. Simmons (March 28, 2002), 8th Dist. No. 80084, 3. This Court found that, based on the record in the instant cause, both Appellant and Appellee abused marijuana during their marriage. Id. If this is used to weigh against Appellant, the trial court does not mention Appellee's drug problem in its Entry.
 {¶ 42} In addition, the trial court fails to take into account Appellant's sleeping disorder, which was the claimed cause of her decreased earnings. This should have been addressed under factor (c). Based on the foregoing, factor (c) weighs in favor of awarding support.
 {¶ 43} Next, under factor (d) which regards retirement benefits, the trial court's Entry stresses that it awarded Appellant half of the marital pension despite the fact that she only requested one-third, which allowed Appellant to avoid any marital debt after the assets were off-set against the marital portion of Appellee's pension. (Entry, p. 4, ¶ 4.) However, following their bankruptcy the parties had little marital debt, and Appellee is well able to pay it, based on his income.
 {¶ 44} Under this factor, the Entry also mentions, as did previously, that Appellant liquidated her annuity without sharing the proceeds with Appellee. (Entry, p. 4, ¶ 4.) However, this Court noted in our prior decision that Appellee was not harmed by this since the trial court subtracted Appellee's portion of her pension from her half of the marital assets. Kennedy, supra, at ¶ 15. Further, we stated that by denying her spousal support for this reason, the trial court appears to have punished her twice for this action. Id. at ¶ 37. As such, this factor should not be relevant either way in a determination of support.
 {¶ 45} Under factor (e), the Entry recognizes that the length of the marriage was almost twenty years, but the trial judge also gratuitously notes that the parties stopped cohabitating earlier since Appellant, "was forced to leave the marital residence pursuant to a domestic violence order." (Entry, p. 4, ¶ 5.) This reference to the domestic violence order is inappropriate under factor (e). Factor (e) weighs heavily in favor of awarding spousal support.
 {¶ 46} The trial court found factor (f) inapplicable. (Entry, p. 4, ¶ 6.)
 {¶ 47} As to factor (g), the trial court found that the parties maintained a fair standard of living, but that it, "decreased significantly once [Appellant] became underemployed, working fewer hours. The filing of bankruptcy was necessitated, as this Court found in the Entry of October 11, 2001 by the overspending and mismanagement of money by [Appellant]." (Entry, p. 5, ¶ 7.) This Court in its previous Opinion noted that certain courts have considered a party's financial misconduct in its spousal support determination, however, it was employed as a reason to raise or lower an award and not to deny it entirely. Id. at ¶ 38. Further, Appellant's underemployment was considered under both factors (a) and (b), as stated above.
 {¶ 48} Under factor (h), the court found that Appellant had completed two years of college whereas Appellee had no education after high school. (Entry, p. 5, ¶ 8.) This factor does weigh in favor of denying spousal support. It is soundly offset, however, by the relative earning histories of the parties.
 {¶ 49} As for the marital assets and liabilities, under factor (i), the trial court stressed that there were no marital assets, except two motor vehicles that were still subject to existing liens. (Entry, p. 5, ¶ 9.) It also noted that Appellant left the marriage with no debt while Appellee, "was left with more than $12,000 of outstanding marital indebtedness." (Entry, p. 5, ¶ 9.) Notwithstanding, as earlier addressed Appellee's annual income of $71,000 to $92,000 as compared to Appellant's $18,914.87 more than makes up for this marital debt differential.
 {¶ 50} The trial court found factor (j) inapplicable. (Entry, p. 6, ¶ 10.)
 {¶ 51} Under factor (k) relating to additional education or job training, the trial court found that Appellant has two years of college, but that she presented no plan for seeking additional training or education if she was awarded spousal support. (Entry, p. 6, ¶ 11.) The trial court also notes under this factor that Appellant claims to have a medical condition that has caused her current underemployment, but that she had no medical evidence in support of this claim. (Entry, p. 6, ¶ 11.) This discussion is inapplicable under factor (k). It is reasonable to consider this under factor (c) pertaining to the parties' physical, mental, and emotional conditions, and may be used to more evenly balance the otherwise heavy presumption in favor of support under that factor.
 {¶ 52} Under factor (l), tax consequences of spousal support, the trial court notes that an award of support would likely result in an increase in Appellant's tax whereas it would likely be a tax deduction for Appellee. (Entry, p. 6, ¶ 12.)
 {¶ 53} In factor (m), loss of income capacity due to marital commitments, the court found that both parties were able to maintain full time employment during the marriage after the minor child reached school age, thus this factor was inapplicable. (Entry, pp. 6-7, ¶ 13.) The court again gratuitously penalizes Appellant, stating that income was lost by Appellant's voluntarily underemployment. (Entry, p. 7, ¶ 13.)
 {¶ 54} Finally, under the catchall factor (n), the trial court refers back to findings set forth under each applicable factor. However, the court also discusses Appellant's lack of plan to address her drug abuse and domestic violence tendencies. The court stresses that Appellee was a "victim" to Appellant's reckless money mismanagement. Thus, based on its consideration of all of the statutory factors, the trial court decided that spousal support was not appropriate or reasonable, and, "there exists no reasonable probability that any spousal support would contribute to [Appellant's] economic well-being in the near future." (Entry, p. 8.)
 {¶ 55} In rendering its decision, the trial court again seeks to penalize Appellant for her perceived misconduct by emphasizing non-statutory factors in support of its conclusion, i.e., Appellant's mismanagement of money resulting in bankruptcy and her history of domestic violence. However, whether or not the trial court believes Appellant "deserves" spousal support is not an appropriate consideration. Bernard, supra.
 {¶ 56} Although the trial court's entry reflects that it considered all of the statutory factors, it does not appear that the trial court relied on the record to accurately weigh the factors. The majority of the R.C. § 3105.18(C) factors weigh heavily in favor of awarding spousal support. In fact, Appellant's underemployment, no matter what the cause, and her perceived drug problem also weighs in favor of awarding support. Appellant's lack of marital debt and her college experience do weigh in favor of denying support. However, this was a lengthy marriage of twenty years. Further, Appellee's income is vastly greater than Appellant's even after subtracting his marital debt and imputing income to Appellant. Appellant should be awarded sufficient spousal support to sustain her standard of living. While the trial court appears to have recited all the factors, it has not made the necessary findings nor has it appropriately weighed them, here.
 {¶ 57} It has come to this Court's attention during oral argument that Appellant has since remarried. If this is indeed the case, based on the record before us Appellant should be awarded spousal support only for the duration of time prior to her remarriage.
 {¶ 58} Based on the foregoing, Appellant's sole assignment of error has merit. The trial court appears to have abused its discretion as the statutory factors weigh heavily in favor of awarding spousal support. As such, this cause is reversed and remanded with a directive for the trial court to award Appellant appropriate spousal support in a reasonable amount from date of divorce to date of Appellant's remarriage, if any.
Donofrio, J., concurs., DeGenaro, J., concurs.