OPINION AND JOURNAL ENTRY
{¶ 1} Appellant Harvey William Waller has filed a motion for reconsideration, pursuant to App.R. 26(A), of our Opinion in Waller v.Waller, 7th Dist. No. 04 JE 27, 2005-Ohio-4891. For the following reasons we overrule the motion.
 {¶ 2} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." Columbus v.Hodge (1987), 37 Ohio App.3d 68, 523 N.E.2d 515, paragraph one of the syllabus.
 {¶ 3} A motion for reconsideration pursuant to App.R. 26(A) is not an opportunity to raise new arguments that a party simply neglected to make earlier in the proceedings, but rather, is an opportunity to correct obvious errors in the appellate court's opinion in order to prevent a miscarriage of justice. See, e.g., State v. Stanley, 7th Dist. No. 99-C.A.-55, 2002-Ohio-4372, ¶ 13; Kollmorgan v. Raghaven (Aug. 7, 2001), 7th Dist. No. 98 CA 123.
 {¶ 4} Appellant's motion contains four sections which raise seven separate issues for our reconsideration. First, Appellant contends that we did not adequately take into account the fact that his Social Security benefits were not actually divided or awarded in divorce proceedings. Appellant argues that he was only awarded $59,851.00 in marital assets compared to $139,319.78 for Appellee Karen Fae Waller. As we pointed out in our Opinion, the trial court may take Social Security benefits into account in dividing the marital assets, pursuant to Neville v. Neville,99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434. In this case, the trial court did take those benefits into account, and adjusted the division of marital assets accordingly. We noted in our Opinion that Social Security benefits are not part of the marital estate and are not actually divided and awarded as part of the divorce. Although Appellant objects that the Social Security benefits are speculative assets rather than liquid or tangible assets, we must point out that the valuation of any type of pension benefits contains some speculative aspects. See, e.g., Warren v. Warren (Dec. 11, 1996), 3rd Dist. No. 96-06-0039. Speculative or not, pension plans and retirement benefits are often the largest assets in a divorce case. The valuation and distribution of retirement benefits are often highly contested in divorce proceedings, and the trial court must make the most equitable division possible under the circumstances.
 {¶ 5} In this case, the parties stipulated to the qualifications of the expert witness who prepared the valuation analysis of the parties' Social Security benefits. The trial court accepted the expert's evidence, and also kept in mind that the Social Security benefits could not actually be divided or distributed in the divorce proceedings. Each party was given credit for their own Social Security benefits. Appellant offers no viable alternative to the division created by the trial court, other than to ask for a greater share of the "readily available" marital assets. Appellant apparently requests that some part of his Social Security benefits be awarded to Appellee, so that he could then receive more liquid assets in return. Appellant did not explain in the direct appeal, and does not now explain, how this would be possible, given that Social Security benefits cannot be physically divided, transferred, assigned or otherwise disposed of in divorce proceedings. The trial court carefully considered the parties' Social Security benefits, as allowed byNeville, and we affirmed the trial court's judgment accordingly.
 {¶ 6} Appellant's second issue for reconsideration is the amount of spousal support awarded by the trial court. Appellant argues that spousal support is based on need, and that Appellee did not prove that she needed the entire amount of spousal support awarded to her. As we explained in our Opinion, spousal support is based on what is reasonable and not upon need, and thus, Appellee was not required to show proof of need for each and every aspect of her projected monthly expenses. See, e.g., Kennedyv. Kennedy, 7th Dist. No. 03 CO 37, 2004-Ohio-6798. This argument was raised and rejected on direct appeal.
 {¶ 7} Appellant's third argument is that it is inequitable to expect him to pay more in spousal support than he expects to receive in monthly net income. He explains that his projected monthly income is $3,800.00 and his projected monthly expenses are $2,577.00, for a difference of $1,223.00. He states that his spousal support payment will be $1,200.00, leaving him with only $23.00 per month with which to live.
 {¶ 8} Appellant's argument misconstrues the fact that he will have $2,577.00 to spend each month, and that this amount completely covers his projected expenses, while Appellee will not meet her projected expenses even with the added spousal support award. As is common in divorce proceedings, the parties often contemplate more in monthly expenses than there is available in projected income, and the trial court must concoct as equitable a decision as possible under the circumstances. We considered this matter on direct appeal, and Appellant has not raised any obvious error in our analysis.
 {¶ 9} The fourth issue raised challenges our conclusion that the trial court erred in ordering spousal support payments to increase by $300 per month starting in January 2005. It is unclear why Appellant is raising this as an issue on reconsideration, since he prevailed on this matter in the direct appeal. We concluded that the record did not show that Appellant would begin receiving Social Security benefits in January, but rather, that those benefits would start in April or May 2005. Based on the reviewable record before us, we concluded that this was a clerical error by the trial court, and we remanded that aspect of the case "so that the increase in spousal support * * * may begin on the date that Appellant begins receiving his Social Security benefits." (9/14/05 Opinion, at ¶ 93.) Although Appellant objects to our characterization of the error as a clerical error on the part of the trial court, the matter was reversed and remanded for the trial court to correct the error, and Appellant has received his remedy relating to this issue on direct appeal.
 {¶ 10} Appellant's sixth argument is that we failed to consider a number of factors in reviewing the spousal support award, including Appellee's income and the value of his Social Security benefits. These issues were raised and considered in his direct appeal, and Appellant has not pointed out any obvious error in our Opinion.
 {¶ 11} Appellant's seventh and final argument is that our Opinion erred in allowing the trial court to clarify whether or not spousal support should end upon the death of either party, or if it would effectively continue after Appellant's death in the form of $75,000 worth of life insurance. As stated in our Opinion, pursuant to R.C. § 3105.181(B), spousal support must terminate upon the death of either party unless the spousal support award "expressly provides otherwise." We held that a spousal support order that is secured by life insurance is the equivalent of ordering spousal support beyond the death of the obligor, and thus, must contain some express statement that conforms to R.C. § 3105.18(B). We found the trial court's order to be ambiguous, because the order specifically stated that spousal support was to terminate with the death of either party, while at the same time, guaranteed that at least $75,000 of the spousal support award would be paid even if Appellant died. Either the trial court wanted spousal support to terminate upon the death of either party, in which case it could not secure the spousal support award with a $75,000 life insurance policy; or the trial court did not want spousal support to terminate with the death of one or both parties, in which case the court could expressly state its intent to partially secure the spousal support award with a $75,000 life insurance policy, as long as it also conformed to the requirements of R.C. § 3105.18(B). Our Opinion reversed and remanded this matter for the trial court to clarify what we determined to be an ambiguous expression of the court's intent.
 {¶ 12} Although Appellant would have preferred that we simply delete the life insurance requirement from the trial court's order, our usual response in reviewing spousal support decisions is to remand the issue back to the trial court to clarify any ambiguities. See, e.g., Clark v.Lintner-Clark (June 30, 2000), 7th Dist. No. 720. Although Appellant points to caselaw in which certain appellate courts applied R.C. §3105.18(B) and apparently did not find any ambiguity in the record, we were called upon to review the facts and circumstances of this case, and we did find ambiguity. This matter was considered in our Opinion, and Appellant has not pointed to any obvious error in our determination.
 {¶ 13} Appellant is concerned that the trial court may attempt to increase the amount of required life insurance upon remand to cover more than $75,000 of the spousal support award. It should be clear from our Opinion that the only matter to be decided on remand is whether or not the trial court would like to preserve the original $75,000 worth of life insurance as security for the spousal support award. To the extent that our original remand order may have been unclear about this matter, we restate that the trial court is authorized upon remand to order Appellant to maintain up to $75,000 in life insurance to partially secure the spousal support award, as long as the trial court provides an express statement, pursuant to R.C. § 3105.18(B), that the life insurance policy effectively secures part of the spousal support award beyond Appellant's death.
 {¶ 14} We hereby overrule Appellant's motion for reconsideration, except to the extent that the trial court is not authorized to order Appellant to maintain more than $75,000 in life insurance to secure the spousal support award.
Waite, J., concurs.
Vukovich, J., concurs.
DeGenaro, J., concurs.