[Cite as *State v. Gilbert*, 2013-Ohio-4783.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 08 MA 206 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| HATTIE GILBERT | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |


CHARACTER OF PROCEEDINGS:    Appellant's Application for
                             Reconsideration.

JUDGMENT:                    Application denied.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Paul J. Gains
                             Mahoning County Prosecutor
                             Atty. Ralph M. Rivera
                             Assistant Prosecuting Attorney
                             21 West Boardman Street, 6th Floor
                             Youngstown, Ohio  44503

For Defendant-Appellant:     Atty. Timothy Young
                             Ohio Public Defender
                             Atty. Kristopher A. Haines
                             Assistant State Public Defender
                             250 East Broad Street, Suite 1400
                             Columbus, Ohio  43215


JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                             Dated:  October 29, 2013

PER CURIAM.

{¶1} Appellant Hattie Gilbert requests reconsideration of our Opinion in *State v. Gilbert*, 7th Dist. No. 08 MA 206, 2012-Ohio-1165, pursuant to App.R. 26(A). Appellant contends that we incorrectly held that her convictions on attempted murder and felonious assault were not allied offenses committed with a single animus. Appellant was actually convicted of complicity to attempted murder and complicity to felonious assault, and we determined that while the two crimes were allied offenses, they should not merge at sentencing because they were committed separately with separate animus. *Id.* at ¶44-47. As Appellant has not cited any obvious errors in our Opinion, nor has she raised any issues that were not considered in the direct appeal, the application for reconsideration is denied.

{¶2} This case arose from the robbery and shooting of Joseph Kaluza as he was driving to a bank to make a deposit as part of his regular duties as manager of a Kentucky Fried Chicken restaurant in Youngstown. Appellant deliberately caused a traffic accident with Kaluza's vehicle. Her co-defendant, Taran Helms, then walked up and shot Kaluza in the neck. Kaluza was alive but paralyzed after the shooting. Helms pushed Kaluza's vehicle to a more secluded spot, where he threatened to shoot Kaluza in the head. Helms then took the deposit bag and fled. Appellant and Helms were later apprehended and charged with several crimes stemming from the shooting and robbery.

{¶3} The test generally applied in reviewing an App.R. 26(A) motion for reconsideration, "is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for the court's consideration that was either not

considered at all or was not fully considered by the court when it should have been." *State v. Wong*, 97 Ohio App.3d 244, 246, 646 N.E.2d 538 (4th Dist.1994). It is clear that Appellant is not raising any issue that was not previously considered. The basis for her request for reconsideration is that she simply disagrees with our Opinion. This is not a valid basis for granting reconsideration. "An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision." *Hampton v. Ahmed*, 7th Dist. No. 02 BE 66, 2005-Ohio-1766, ¶16, citing *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (1996).

{¶4} Appellant summarily and repeatedly refers to a number of issues throughout her memorandum in support of reconsideration: that we failed to rely on the "law of the case" in a previous appeal filed by co-defendant Helms; that we misinterpreted the standard of review for allied offenses of similar import; that we usurped the function of the jury; that we violated Appellant's due process and Sixth Amendment rights; and that there was insufficient evidence of felonious assault. We will briefly address each of these matters, despite the fact that they were thoroughly addressed in our underlying Opinion.

{¶5} Appellant contends that we erred by not limiting ourselves to the facts and analysis as they appeared in our Opinion in her co-defendant's (first) appeal. Prior to the release of Appellant's Opinion, this Court had released a judgment in her co-defendant's appeal. *State v. Helms*, 7th Dist. No. 08 MA 199, 2010-Ohio-4872 ("*Helms I*"). In that appeal, under his first assignment of error, Helms argued that his

convictions on attempted murder and felonious assault were allied offenses and should have merged at sentencing. A majority of the panel of this Court agreed, and held that the two counts should have merged at sentencing. *Id.* at ¶43-73. However, there was a dissent on that issue. The state successfully appealed the issue of allied offenses to the Ohio Supreme Court. As a result, that portion of *Helms I* dealing with allied offenses was vacated. *State v. Helms*, 128 Ohio St.3d 352, 2011-Ohio-738, 944 N.E.2d 233, ¶3. The case was remanded to us in order to conduct an entirely new review based on the holding of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. *Johnson* significantly altered Ohio law regarding allied offenses as it had previously been interpreted under *State v. Rance*, 85 Ohio St.3d 632, 636, 710 N.E.2d 699 (1999). *Rance* called for a comparison of multiple offenses solely in the abstract, whereas *Johnson* requires for a subjective review of the defendant's conduct as part of the process of comparing the offenses.

**{¶6}** Appellant now contends that the facts and analysis contained in the Opinion in *Helms I* should be relied on as the law of the case in this appeal, and that if we had limited our analysis to the factual analysis conducted in *Helms I*, we should have found that her crimes, like those of Helms, were allied offenses that merged at sentencing.

**{¶7}** In her attempt to advance this argument, Appellant first overlooks the obvious error in her reliance on the "law of the case" in the separate and distinct criminal case of her co-defendant, since the very essence of this particular doctrine is to maintain consistency in legal decisions made at different points in time in the *same*

case. *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶30. That said, Appellant's reliance on *Helms I* faces a much more significant obstacle than her misapplication of the law of the case doctrine. Appellant is aware that *Helms I* was overturned by the Ohio Supreme Court and remanded for a second review on the issue of allied offenses. The Ohio Supreme Court specifically vacated that entire section of *Helms I* dealing with allied offenses and the matter was clearly remanded for an entirely new review of the issue in light of *Johnson*. On remand, we rejected the analysis used by us in *Helms I* and determined that pursuant to the law of *Johnson*, even though felonious assault and attempted murder are allied offenses, Helms committed his crimes separately with separate animus. *State v. Helms*, 7th Dist. No. 08 MA 199, 2012-Ohio-1147 ("*Helms II*"). It is abundantly clear in *Helms II* that the section of *Helms I* dealing with allied offenses was vacated and the issue remanded for a new review. *Helms II* at ¶1, 16.

{¶8} Appellant argues that we did not apply the correct standard in reviewing the question of allied offenses in her case. We relied on the law of *Johnson*, which is cited by Appellant. However, Appellant disagrees with our application of *Johnson* to this case. Appellant admits that we were required to consider her conduct when conducting our allied offense analysis pursuant to R.C. 2941.25. Appellant contends that we erred, however, in reviewing the matter more broadly (she claims) than did the trial court. Appellant submits that this Court may only review the facts surrounding the initial shooting when deciding the question of allied offenses because Appellant believes the trial court and the jury limited their review to only

these facts. Thus, Appellant argues that it was error for this Court to examine the entire record as part of our review of this matter.

**{¶9}** Since this application for reconsideration was filed, the Ohio Supreme Court reviewed the crucial question as to what standard of review an appellate court should use when dealing with allied offenses in light of *Johnson*. Obviously, the standard of review can significantly affect the outcome of an appeal. As our normal standard of review for errors relating to allied offenses has been *de novo*, we reviewed this underlying appeal accordingly. *See*, *e.g.*, *State v. Ryan*, 7th Dist. No. 10-MA-173, 2012-Ohio-1265; *State v. Taylor*, 7th Dist. No. 07 MA 115, 2009-Ohio-3334. The Ohio Supreme Court has confirmed that the correct standard is, in fact, to conduct a *de novo* review. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶1. Although Appellant urges that this matter should have been looked at under some lesser or more restrictive standard and that we should have given deference to the trial court's analysis, the Supreme Court has spoken on this matter. We properly conducted a *de novo* review. Following this review, we determined that Appellant's crimes, although allied offenses, were committed separately and with separate animus, and therefore, should not have merged.

**{¶10}** Appellant merely speculates that the jury confined itself to certain limited facts in determining her guilt. Even if we could agree with her, the jury has no role in determining whether they have convicted her of allied offenses; this is a matter for the trial judge to decide at sentencing. Hence, even if we engaged in speculation as to what went through the minds of each member of the jury, it would not change

our analysis. As we have stated in the Opinion: "We do not exclude particular properly admitted facts from our consideration simply because we believe the jury was paying more attention to the prosecutor's opening and closing remarks rather than the actual presentation of the evidence. The jury is free to match the facts presented at trial to the elements of the crime as stated in the indictment. The indictment here does not specify any facts regarding felonious assault except that Kaluza was the victim and that it occurred on March 24, 2008. The bill of particulars does not provide any further explanation about the details of felonious assault." *Gilbert, supra*, at ¶36.

{¶11} Regarding the numerous references to our supposed violation of Appellant's Sixth Amendment right to a jury trial, Appellant was duly convicted by the jury on both complicity to attempted murder and complicity to felonious assault. Appellant understandably would prefer not be punished for both of these crimes, but as earlier stated our review in no way interfered with or altered the decision of the jury. It could be argued that under the facts of this case, we would interfere with the role of the jury if we did not allow Appellant to be punished for convictions that were reached in a valid jury verdict and are fully supported by the record.

{¶12} Appellant presents what she claims is a due process argument that she was prevented from defending herself against the charge of felonious assault as it refers to facts surrounding co-defendant Helms' threat to shoot Mr. Kaluza in the head. She appears to be surprised that the actual shooting of the victim and later threat to kill him could be viewed as two separate incidents. Appellant contends she

was prevented from defending against this charge both at trial and on appeal. There is nothing in the record supporting this claim. As noted, the indictment and bill of particulars encompassed all acts that occurred the day of March 24, 2008. There was a great deal of testimony as to all of the actions that occurred that day. Appellant should have been prepared to defend herself at trial as to all of these events. Appellant was duly convicted and sentenced on a number of crimes, including complicity to attempted murder and complicity to felonious assault. On appeal, she raised eight assignments of error that required us to examine the entire record. Her alleged errors encompassed nearly every aspect of this case, from alleged improper venue all the way through alleged errors in the length and validity of her prison term. Appellant provided the entire record for us, and invited us to thoroughly review that record, particularly with regard to the issue of allied offenses. Appellant now contends that we erred by actually reviewing the entire record, and by basing our Opinion on what we found in this record. As earlier addressed, however, this review was not only proper, but necessary based on the pertinent law found in both *Johnson* and *Williams* .

{¶13} Finally, Appellant disagrees that there was sufficient evidence to support a conviction for complicity to felonious assault. We thoroughly reviewed this issue in the initial Opinion, and it is clear that Appellant merely disagrees with our analysis. Again, mere disagreement with an appellate court's reasoning is not a basis for granting an application for reconsideration. *Hampton v. Ahmed*, *supra*.

{¶14} The application for reconsideration is hereby denied.

Waite, J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.