[Cite as *State v. Whitacre*, 2025-Ohio-50.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MONROE COUNTY

STATE OF OHIO,

Plaintiff- Appellee,

v.

CARL E. WHITACRE ,

Defendant- Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 21 MO 0008, 21 MO 0009**

---

Application for Reconsideration

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Dave Yost*, Ohio Attorney General, *Atty. Andrea K. Boyd*, Assistant Attorney General, Ohio Attorney General's Office and

Carl Whitacre, *pro se.*

Dated: January 8, 2025

**PER CURIAM.**

{¶1} Appellant, Carl E. Whitacre, filed an application for reconsideration from our decision in *State v. Whitacre*, 2023-Ohio-1029 (7th Dist.) on November 12, 2024. For the following reasons, his application is denied.

{¶2} App.R. 26(A)(1) permits an appellant to file an application for reconsideration. The test generally applied to reconsiderations is whether the applicant identifies "an obvious error in [the] decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." *Electronic Classroom of Tomorrow v. Ohio State Bd. of Education*, 2019-Ohio-1540, ¶ 3 (10th Dist.), *aff'd sub nom. Electronic Classroom of Tomorrow v. State Bd. of Education*, 2021-Ohio-3445; *State v. Carosiello*, 2018-Ohio-860, ¶ 12 (7th Dist.).

{¶3} An application for reconsideration "is not designed for use in instances where a party simply disagrees with the logic or conclusions of the court." *State v. Burke*, 2006-Ohio-1026, ¶ 2 (10th Dist.), citing *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist.1996). Moreover, an application for reconsideration does not permit the applicant to raise new arguments or issues for review that were not raised on appeal. *State v. Wellington*, 2015-Ohio-2095, ¶ 9 (7th Dist.).

{¶4} Here, Appellant claims certain testimony was not offered at his trial and his counsel's failure to offer this testimony was prejudicial. He claims counsel should have offered evidence about the "2016 conviction of K.W." and argued Appellant's conduct "could have been the result of abuse by K.W." (November 12, 2024 Application.)

{¶5} Appellant raised an ineffective assistance of counsel argument in his direct appeal and claimed counsel was deficient for stipulating to his competency evaluation. We concluded this argument lacked merit. *State v. Whitacre*, *supra*, at ¶ 72. Appellant did not raise a claim of ineffective trial counsel concerning allegations of abuse by K.W. *Id.* Thus, Appellant raises a new issue, which he could have raised in his direct appeal.

{¶6} A motion for reconsideration is not an opportunity to raise new arguments— it is designed to provide an opportunity to correct obvious errors in an appellate court's opinion to prevent a miscarriage of justice. *Waller v. Waller*, 2005-Ohio-5632, ¶ 3 (7th.Dist.).

Case Nos. 21 MO 0008, 21 MO 0009

**{¶7}** Appellant does not identify an obvious error or raise an issue that we either did not consider or that we did not fully consider, and as such, his application is denied.

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

**JUDGE KATELYN DICKEY**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

<u>Case Nos. 21 MO 0008, 21 MO 0009</u>