[Cite as *State v. Simmons*, 2026-Ohio-849.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SHANIKA S. SIMMONS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No.  25 CO 0015

---

Application for Reconsideration

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Vito J. Abruzzino,* Prosecuting Attorney*, Atty. Steven Yacovone,* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

Shanika S. Simmons, *pro se*.

Dated:  March 12, 2026

**PER CURIAM.**

{¶1}   Defendant-Appellant Shanika S. Simmons filed an application for reconsideration of our judgment affirming her conviction. For the following reasons, her application is denied.

{¶2}   After a jury trial in the Columbiana County Common Pleas Court, Appellant was convicted of promoting prostitution in violation of R.C. 2907.22(A)(1) ("No person shall knowingly: (1) Establish, maintain, operate, manage, supervise, control, or have an interest in a brothel or any other enterprise a purpose of which is to facilitate engagement in sexual activity for hire"). The offense was a fourth-degree felony. R.C. 2907.22(B)(1). The trial court sentenced her to 12 months in prison.

{¶3}   On appeal, she first argued because the state alleged she offered the sexual services of herself and another female to an undercover officer, she received ineffective assistance of trial counsel when her trial attorney failed to subpoena the other female. Next, she argued the state failed to present sufficient evidence on the elements of the offense. Lastly, she claimed the verdict was against the manifest weight of the evidence. We overruled her assignments of error and affirmed her conviction. *State v. Simmons*, 2026-Ohio-360, ¶ 76 (7th Dist.).

{¶4}   On February 13, 2026, Appellant filed a timely pro se application to reconsider our February 4, 2026 judgment under App.R. 26(A). A reconsideration application must demonstrate an obvious error in our decision or show an issue properly raised in the appeal was not considered or not fully considered in the appellate decision. *State v. Wellington*, 2015-Ohio-2095, ¶ 2 (7th Dist.).

{¶5}   Initially, we point out Appellant's application for reconsideration outlines various topics that were not raised as issues in the appeal. For instance, her complaint that the bill of particulars was not filed in the record (after the court merely ordered the state to provide defense counsel with the document) was not raised as an issue on appeal. By way of further example, Appellant's brief on appeal did not raise the issues with prosecutorial non-disclosure or misconduct as now set forth in Appellant's

reconsideration application, among other topics. And, she did not raise speedy trial issues in the direct appeal.[1]

{¶6}    Similarly, her reconsideration application sets forth multiple allegations of ineffective assistance of *appellate* counsel. (Although, she may merely be mentioning these allegations in reference to a subsequent App.R. 26(B) reopening application she anticipated filing next). She did subsequently file a reopening application; however, that application is not being addressed in this opinion, which is dealing only with the application for reconsideration under App.R. 26(A).

{¶7}    In any event, as to all topics raised in the App.R. 26(A) application that were not briefed on appeal, an application for reconsideration is not a vehicle for raising new arguments or issues for review that were not raised on appeal. *Wellington* at ¶ 9, citing *East Liverpool v. Columbiana Cty. Budget Comm.*, 2007-Ohio-5505, ¶ 3 (where the Ohio Supreme Court denied reconsideration of its decision, deeming any new arguments abandoned) and *Walter v. Walter*, 2005-Ohio-5632, ¶ 3 (7th Dist.) ("A motion for reconsideration pursuant to App.R. 26(A) is not an opportunity to raise new arguments that a party simply neglected to make earlier in the proceedings"). Consequently, any issues set forth in Appellant's application for reconsideration that were not briefed on appeal are not an available subject for an App.R. 26(A) reconsideration application.

{¶8}    As for the topics outlined in Appellant's application for reconsideration that her experienced appellate attorney selected to set forth in the appeal, these subjects were thoroughly reviewed by this court in our decision. After addressing the allegations of ineffective assistance of counsel related to the other prostitute's non-appearance at trial, we fully analyzed the sufficiency and weight of the evidence, including the evidence related to the enterprise element of promoting prostitution. *Simmons*, 2026-Ohio-360, at ¶ 2-24, 45-76 (7th Dist.). We did not commit an obvious error by failing to address or fully address a raised issue, and Appellant has not otherwise demonstrated an obvious error in our decision by restating her position and attempting to discount the overwhelming evidence establishing her guilt.

---

[1] We note any allegations about the state or her trial attorney that requires proof outside of the record would have to be raised via a post-conviction relief petition in the trial court and cannot be raised through App.R. 26, just as they could not have been raised in a direct appeal. Appellant recognizes this in her February 19, 2026 reply.

**{¶9}** Reconsideration is a rare exception to the finality of our ability to preside over our own appellate decision and is not expected to be filed in every case a party disagrees with the result and wishes to reargue the case. Essentially, Appellant's arguments related to our holdings are merely disagreeing with our reasoning and conclusions with no demonstration our decision was unsupportable under the law. However, "mere disagreement with an appellate court's reasoning is not a basis for granting an application for reconsideration." *State v. Gilbert*, 2013-Ohio-4783, ¶ 13 (7th Dist.); *see also Victory White Metal Co. v. Motel Syst., Inc.*, 2005-Ohio-3828, ¶ 2 (7th Dist.) (the purpose of reconsideration is not to reargue one's appeal based on simple dissatisfaction with the logic used and conclusions reached by an appellate court).

**{¶10}** In sum, we fully addressed the topics raised in Appellant's appeal of her conviction, our decision is fully supportable under the law, and there is no obvious error in our decision. Accordingly, the application for reconsideration is hereby denied.

**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE  MARK A. HANNI**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

<span style="text-decoration: underline;">Case No. 25 CO 0015</span>